UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PETER (PANAGIOTI) TSOLKAS,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY DALTON SUMNER,<br><br>Defendant. | Case No. _____<br><br>**Demand for Jury Trial** |

# **COMPLAINT FOR DAMAGES**

Plaintiff Peter (Panagioti) Tsolkas files this Complaint against Defendant Deputy Dalton Summer, then a Bradford County Sheriff's Office deputy, in his individual capacity. In support, Plaintiff alleges:

## **Jurisdiction and Venue**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of civil rights under the Fourth Amendment to the U.S. Constitution.

3. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to consider the state law claims alleged herein.

4. Venue is proper in this District under 28 U.S.C. § 1391(b), being the district where the claims arose and where Defendant resides.

5. All conditions precedent to this lawsuit have occurred, been performed, or been waived. Specifically, Plaintiff has complied with all applicable presuit notice provisions of section 768.28, Florida Statutes. Defendant has failed to fully comply with the presuit requirements of section 768.28(6)(b).

## Parties

6. Plaintiff Peter (Panagioti) Tsolkas is a resident of Palm Beach County, Florida, and is otherwise *sui juris*.

7. At all times relevant, Defendant Dalton Sumner was a deputy sheriff with the Bradford County Sheriff's Office and is otherwise *sui juris*. Defendant is a resident of Bradford County, Florida.

8. Defendant is being sued in his individual capacity. At all relevant times during the events at issue in this case, Defendant was acting under color of law.

9. Plaintiff has been required to engage the services of the undersigned counsel and is entitled to an award of reasonable attorney's fees and costs.

## Factual Allegations

10. On December 6, 2020, Plaintiff was participating in a protest outside the entrance to Florida State Prison in Raiford, Florida.

11. Defendant and other sheriff's deputies were dispatched to the scene.

12. At around 4:23 p.m., Defendant gave commands over his marked patrol unit P.A. system that the protestors were ordered to leave the premises within 30 seconds, or they would be arrested for trespass and their vehicles would be towed.

13. After Defendant's announcement, Plaintiff and the protestors began to disperse towards their vehicles, which were parked along State Road 16 on an easement owned by the Florida Department of Transportation (FDOT).

14. While standing in front of his parked vehicle, Plaintiff began to speak loudly against the atrocities and documented human rights abuses and unconstitutional conditions at Florida State Prison.

15. At all times material, Plaintiff was standing within the FDOT easement and not on Florida State Prison or Florida Department of Corrections (FDC) property.

16.     Plaintiff, while by his car next to the roadside and holding a cymbal, asked Defendant "you guys gonna do dirty work for these [meaning FDC] fucking assholes?" Defendant then turned and faced Plaintiff:



17.     Defendant approached Plaintiff and said "Come here. You want to talk shit. Come here." Defendant then placed Plaintiff under arrest, while Plaintiff said "I'm walking away, man." Plaintiff then placed his hands behind his back and Defendant applied handcuffs. Plaintiff was passive and did not resist the application of handcuffs or his arrest.

18.     While Plaintiff was being taken away he asked Defendant if he "supports these assholes," to which Defendant told him to "walk."  In an act of passive resistance to the fact that he was arrested for lawfully exercising his First Amendment rights, Plaintiff said "fuck you, I'm not walking, you fucking pig" and kneeled.

4

19. Defendant then lifted Plaintiff by the back of his arms, dragged him several steps and then deliberately slammed him down onto the ground face-first while his hands were restrained behind his back:





20. According to Defendant's report he "relocated [Plaintiff] to the ground." Defendant and Sgt. Hullender then lifted Plaintiff from the ground and took him to a patrol car.

21. Plaintiff was taken to the hospital because he sustained a deep puncture wound to his shoulder as a result of being "relocated" to the ground face-first with his hands restrained behind his back:



22. Plaintiff was later booked and charged with resisting arrest without violence, trespassing after warning, and criminal mischief.

23. Plaintiff suffered permanent scarring as a result of the wound, incurred medical expenses, experienced diminished ability to perform work and loss of income, an inability to undertake household commitments and adequately care for his young children, as well as mental and physical pain and suffering.

## Count I
## Violation of 42 U.S.C. § 1983: Excessive Use of Force

Plaintiff repeats and re-alleges paragraphs 1 through 23 above, as if fully set forth herein and further alleges:

24. Plaintiff is entitled to relief against Defendant for violation of the Fourth Amendment to the U.S. Constitution.

25. While acting under color of state law unlawfully and without justification, Defendant violated the Fourth Amendment when he violently threw Plaintiff to the ground while he was handcuffed behind his back. Defendant violated that right by acting maliciously and sadistically with a sufficiently culpable state of mind to cause harm to Plaintiff.

26. Defendant acted without any legitimate need to maintain or restore order or for any other good faith reason.

27. Defendant's conduct was motivated by evil intent to harm and torment Plaintiff by callous or reckless indifference to his right to be free from excessive force.

28. As a direct and proximate result of the excessive use of force and violence on Plaintiff, Plaintiff has sustained mental and physical injuries and special and economic damages.

29. These damages include but are not limited to: the violation of Plaintiff's federal constitutional rights, humiliation, physical inconvenience, pain and suffering, physical injury, emotional damage, mental suffering and anguish, lost wages and benefits, medical expenses, and all other damages associated with this constitutional violation.

30. Plaintiff has been required to engage the services of the undersigned counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff Peter (Panagioti) Tsolkas demands judgment against Defendant Dalton Sumner for compensatory, exemplary, and punitive damages, costs of this action, reasonable attorneys' fees, and such further relief as the Court deems appropriate.

## Count II
## Violation of 42 U.S.C. § 1983: First Amendment Retaliation

Plaintiff repeats and re-alleges paragraphs 1 through 23 above, as if fully set forth herein and further alleges:

31. Plaintiff is entitled to relief against Defendant for violation of the First Amendment to the U.S. Constitution.

32. At all times material, Plaintiff was engaged in constitutionally protected speech, including speech related to the conditions at Florida State Prison, statements made to Defendant about his complicity, and statements telling Defendant to "fuck off" and calling him a "pig."

33. While acting under color of state law unlawfully and without justification, Defendant violated the First Amendment by acting in retaliatory conduct which adversely affected Plaintiff's protected speech and right to petition. Specifically, as a result of Plaintiff's speech, Defendant violently threw Plaintiff to the ground while he was handcuffed behind his back. Defendant violated Plaintiff's right to free speech and petition by acting maliciously and sadistically with a sufficiently culpable state of mind to cause harm to Plaintiff.

34. Defendant acted without any legitimate need to maintain or restore order or for any other good faith reason.

35. Defendant's conduct was motivated by evil intent to harm and torment Plaintiff by callous or reckless indifference to his rights.

36. As a direct and proximate result of the excessive use of force and violence on Plaintiff as a result of Plaintiff's protected speech, Plaintiff has sustained mental and physical injuries and special and economic damages.

37. These damages include but are not limited to: the violation of Plaintiff's federal constitutional rights, humiliation, physical inconvenience,

pain and suffering, physical injury, emotional damage, mental suffering and anguish, lost wages and benefits, medical expenses, and all other damages associated with this constitutional violation.

38. Plaintiff has been required to engage the services of the undersigned counsel. As such, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

WHEREFORE, Plaintiff Peter (Panagioti) Tsolkas demands judgment against Defendant Dalton Sumner for compensatory, exemplary, and punitive damages, costs of this action, reasonable attorneys' fees, and such further relief as the Court deems appropriate.

### Count III
### Assault and Battery

Plaintiff repeats and re-alleges paragraphs 1 through 23 above, as if fully set forth herein and further alleges:

39. At all times material, Defendant was a sheriff's deputy and law enforcement officer employed by the Bradford County Sheriff's Office and acting under color of state law.

40. At all times material, Defendant was acting within the scope of his employment.

41. Florida law protects a person from unlawful assault and battery.

42. Without consent, Defendant intentionally slammed Plaintiff onto the ground with his hands restrained behind his back, which resulted in a laceration and severe pain.

43. Defendant acted maliciously and sadistically with a sufficiently culpable state of mind to cause harm to Plaintiff.

44. Defendant acted without any legitimate need to maintain or restore order or for any other good faith reason.

45. Defendant's conduct was motivated by evil intent to harm and torment Plaintiff by callous or reckless indifference to his right to be free from excessive force.

46. Defendant's actions were in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

47. As a direct and proximate result of the force and violence on Plaintiff, Plaintiff has sustained mental and physical injuries and special and economic damages.

48. These damages include but are not limited to: the violation of Plaintiff's federal constitutional rights, humiliation, physical inconvenience, pain and suffering, physical injury, emotional damage, mental suffering and anguish, lost wages and benefits, medical expenses, and all other damages associated with this constitutional violation.

WHEREFORE, Plaintiff Peter (Panagioti) Tsolkas demands judgment against Defendant Dalton Sumner for compensatory, exemplary, and punitive damages, costs of this action, and such further relief as the Court deems appropriate.

## Demand for Jury Trial

Pursuant to Rule 38, Plaintiff Peter (Panagioti) Tsolkas hereby demands a jury trial of all issues capable of being determined by a jury.

Dated: December 6, 2023.

                        Respectfully submitted,

                        */s/ James M. Slater*
                        James M. Slater (FBN 111779)
                        Slater Legal PLLC
                        113 S. Monroe Street
                        Tallahassee, Florida 32301
                        james@slater.legal
                        Tel. (305) 523-9023

                        *Attorneys for Plaintiff*