# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**PETER (PANAGIOTI) TSOLKAS,**

    **Plaintiff,**

**v.**                                                       Case No.: 3:23-cv-01428-WWB-PDB

**DEPUTY DALTON SUMNER,**

    **Defendant.**

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, DEPUTY DALTON SUMNER ("Sumner"), through undersigned counsel, responds to the Complaint (Doc. 1) in corresponding paragraphs as follows:

### Jurisdiction and Venue

1. Sumner admits the allegations in this paragraph for jurisdictional purposes only.

2. Sumner admits that this action purports to be brought under 42 U.S.C. § 1983 and state law but denies that the claims have any merit whatsoever or that Plaintiff is entitled to any relief in response to the allegations in paragraph 2 of the Complaint.

3. Sumner admits the allegations in this paragraph for jurisdictional purposes only and denies that the claims have any merit whatsoever or that Plaintiff is entitled to any relief in response to the allegations in paragraph 3 of the Complaint.

4. Sumner admits the allegations in this paragraph for venue purposes only.

5. Sumner admits Plaintiff served a Notice of Intent pursuant to Section 768.28, Florida Statutes, but is without knowledge as to, and therefore denies, the remaining allegations in paragraph 5 of the Complaint.

## Parties

6. Sumner is without knowledge as to, and therefore denies, the allegations in paragraph 6 of the Complaint.

7. Sumner admits the allegations in paragraph 7 of the Complaint.

8. Sumner admits the allegations in paragraph 8 of the Complaint.

9. Sumner is without knowledge as to, and therefore denies, the allegations in paragraph 9 of the Complaint.

## Factual Allegations

10. Sumner is without knowledge as to, and therefore denies, the allegations in paragraph 10 of the Complaint.

11. Sumner admits the allegations in paragraph 11 of the Complaint.

12. Sumner admits the allegations in paragraph 12 of the Complaint.

13. Sumner admits that protesters ignored his announcement, and after several minutes eventually and slowly began dispersing, but is without knowledge as to, and therefore denies, the remaining allegations in paragraph 13 of the Complaint.

14. Sumner is without knowledge as to, and therefore denies, the allegations in paragraph 14 of the Complaint.

15. Sumner denies the allegations in paragraph 15 of the Complaint.

16. Sumner admits that Plaintiff was standing near a car with a cymbal and said what is quoted in the Complaint, but denies the remaining allegations in paragraph 16 of the Complaint.

17. Sumner admits that the quoted portions alleged are a portion of what was said by Plaintiff and Sumner, and further admits that Sumner placed Plaintiff under arrest and handcuffed Plaintiff, but denies the remaining allegations in paragraph 17 of the Complaint.

18. Sumner admits he instructed Plaintiff to "walk", but is either without knowledge as to, and therefore denies, or denies outright the remaining allegations of paragraph 18 of the Complaint.

19. Sumner denies the allegations in paragraph 19 of the Complaint.

20. Sumner admits that due to Plaintiff's resistance, he and Sgt. Hullender had to drag Plaintiff to Sumner's patrol car, and further responds that Sumner's report speaks for itself, but denies the remaining allegations in paragraph 20 of the Complaint.

21. Sumner admits Plaintiff had a laceration on his left shoulder for which Sumner transported Plaintiff to a medical facility, but denies the remaining allegations in paragraph 21 of the Complaint.

22. Sumner admits the allegations in paragraph 22 of the Complaint.

23. Sumner is without knowledge as to, and therefore denies, the allegations in paragraph 23 of the Complaint.

## Count I
## Violation of 42 U.S.C. § 1983: Excessive Use of Force

Sumner restates and reincorporates his responses to paragraphs 1-23.

24. Sumner denies the allegations in paragraph 24 of the Complaint.

25. Sumner denies the allegations in paragraph 25 of the Complaint.

26. Sumner denies the allegations in paragraph 26 of the Complaint.

27. Sumner denies the allegations in paragraph 27 of the Complaint.

28. Sumner denies the allegations in paragraph 28 of the Complaint.

29. Sumner denies the allegations in paragraph 29 of the Complaint.

30. Sumner denies that Plaintiff is entitled to an award of reasonable attorney's fees and costs. Sumner is without knowledge as to, and therefore denies, the remaining allegations in paragraph 30 of the Complaint.

Sumner denies that Plaintiff is entitled to judgment, damages, costs, attorney's fees, or any relief whatsoever.

## Count II
## Violation of 42 U.S.C. § 1983: First Amendment Retaliation

Sumner restates and reincorporates his responses to paragraphs 1-23.

31. Sumner denies the allegations in paragraph 31 of the Complaint.

32. Sumner is either without knowledge as to, and therefore denies, or denies outright the allegations in paragraph 32 of the Complaint.

33. Sumner denies the allegations in paragraph 33 of the Complaint.

34. Sumner denies the allegations in paragraph 34 of the Complaint.

35. Sumner denies the allegations in paragraph 35 of the Complaint.

36. Sumner denies the allegations in paragraph 36 of the Complaint.

37. Sumner denies the allegations in paragraph 37 of the Complaint.

38. Sumner denies that Plaintiff is entitled to an award of reasonable attorney's fees and costs. Sumner is without knowledge as to, and therefore denies, the remaining allegations in paragraph 38 of the Complaint.

Sumner denies that Plaintiff is entitled to judgment, damages, costs, attorney's fees, or any relief whatsoever.

### Count III
### Assault and Battery

Sumner restates and reincorporates his responses to paragraphs 1-23.

39. Sumner admits the allegations in paragraph 39 of the Complaint.

40. Sumner admits the allegations in paragraph 40 of the Complaint.

41. Sumner admits the allegations in paragraph 41 of the Complaint.

42. Sumner denies the allegations in paragraph 42 of the Complaint.

43. Sumner denies the allegations in paragraph 43 of the Complaint.

44. Sumner denies the allegations in paragraph 44 of the Complaint.

45. Sumner denies the allegations in paragraph 45 of the Complaint.

46. Sumner denies the allegations in paragraph 46 of the Complaint.

47. Sumner denies the allegations in paragraph 47 of the Complaint.

48. Sumner denies the allegations in paragraph 48 of the Complaint.

Sumner denies that Plaintiff is entitled to judgment, damages, costs, or any relief whatsoever.

## General Denial

Sumner denies all allegations of the Complaint that have not been specifically admitted herein.

## Demand for Jury Trial

Sumner demands a jury trial on all issues raised in the Complaint.

## Affirmative Defenses

1. At all times pertinent hereto, Sumner was acting within the scope of his employment as a deputy, employed by the Sheriff of Bradford County, Florida, and was not violating clearly established law of which a reasonable deputy would be aware. Sumner's actions were taken pursuant to his discretionary authority, and his conduct did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. Furthermore, at all times material, Sumner acted in good faith, reasonably and without malice, in the course and scope of his duties towards Plaintiff and all those involved. Thus, he is entitled to qualified immunity for all claims made against him individually.

2. Sumner is entitled to immunity from suit from the claims brought under Florida law in that his actions were not performed in a manner reflecting wantonness, willfulness, bad faith, or deliberate disregard for the safety of persons or property.

3. No state or federally protected rights of Plaintiff were infringed upon or violated.

4. Some or all of the actions attributable to Sumner at worst constitute mere negligence which fail to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

5. All actions of Sumner were reasonable and privileged and undertaken for the purpose of accomplishing lawful objectives.

6. Plaintiff's claim for assault and battery fails to state a claim as any battery committed incident to arrest does not give rise to an independent tort.

7. Any threat of or use of restraint or force by Sumner was lawful and privileged in that he was acting in his capacity as a law enforcement officer, and any actions were reasonable and necessary and applied while effectuating a lawful detention and/or arrest and while acting in furtherance of a lawful purpose and justified pursuant to Chapter 776, *Florida Statutes*.

8. Sumner's use of force, if any, was not excessive under the circumstances.

9. Sumner did not act with retaliatory motive in any interaction he had with Plaintiff.

10. Even if Sumner acted with retaliatory motive, a fact he expressly denies, the detention, arrest, and force used to detain and arrest Plaintiff would have occurred absent the retaliatory motive.

11. Any retaliatory motive on the part of Sumner, the existence of which is expressly denied, did not cause Plaintiff's injuries, if any.

12. Any injurious results about which Plaintiff complains were the result of Plaintiff's own actions or omissions and any award of damages should be reduced by the *pro rata* share of fault attributable to him.

13. Plaintiff may have been the beneficial recipient of recovery from collateral sources. Accordingly, Sumner is entitled to setoff from any damages awarded for those payments from collateral sources.

14. All or part of the damages awardable to Plaintiff under any claims brought pursuant to Florida law are governed by the terms, conditions, provisions, and limitations found in section 768.28, *Florida Statutes*.

15. Plaintiff failed to use reasonable and proper efforts to mitigate damages.

16. Under the facts and circumstances of this case, Plaintiff is not entitled to an award of punitive damages against Sumner in his individual capacity.

WHEREFORE, Defendant, DEPUTY DALTON SUMNER, having fully answered Plaintiff's Complaint and having denied all liability thereunder, respectfully prays judgment be entered in his favor and be awarded his attorney's fees, costs and expenses, as allowable pursuant to applicable law, specifically including under 42 U.S.C. §1988, 28 U.S.C. §1927, Rule 11, *Fed. R. Civ. P.*, and any other legal basis for the awarding of such relief.

Dated this 19th day of January, 2024.

Respectfully submitted,

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN (Lead Counsel)**
Florida Bar No. 937975
E-mail: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Attorney for the Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 19th day of January, 2024, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division using the CM/ECF system.

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**