# Exhibit B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PETER (PANAGIOTI) TSOLKAS,

    Plaintiff,

v.

DEPUTY DALTON SUMNER,

    Defendants.

Case No. 3:23-cv-01428-WWB-PDB

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST
SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Peter (Panagioti) Tsolkas responds to Defendant Deputy Dalton Sumner's First Set of Interrogatories, propounded on July 26, 2024 as follows:

**GENERAL OBJECTIONS**

1.    Plaintiff objects to the Interrogatories and their definitions and instructions to the extent they seek disclosure of information protected under attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff further objects to the definition of the terms "you" or "your" as inclusive of Plaintiff's attorneys. Plaintiff has construed the terms "you" and "your" to expressly exclude Plaintiff's attorneys.

## SPECIFIC RESPONSES AND OBJECTIONS

1. List your full name, address, Social Security Number, date of birth, place of birth, all other names you have ever gone by and reason for name change, all other addresses where you have lived for the last ten years and the specific dates you lived at each address; and, if you are or ever have been married, the name(s) of your spouse or spouses, the date(s) of each such marriage, and the reason any such marriage terminated.

**RESPONSE:**

**Name: Peter (Panagioti) Tsolkas**
**Date of Birth:** ▓▓▓▓▓▓▓▓
**Address:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Social Security** ▓▓▓▓▓▓▓▓
**Place of Birth:** ▓▓▓▓▓▓▓▓
**Spouse: Cara Jennings**

2. Identify the name of each employer for whom you have worked since 2014 until the present date and, as to each such employer, your position or title, the employer's business address(es), the dates upon which you were employed, the reason you separated from the employer, the rates of pay you were compensated, including bonuses, if applicable, including any self-employment. Please include all sources of income, regardless of the nature of the business, work, or activity.

**RESPONSE: Pursuant to Rule 33(d), Plaintiff is attaching his résumé.**

3. Please state if you have ever been a party, either Plaintiff or Defendant, in a lawsuit (including a workers' compensation claim) other than the present matter, and,

2

if so, state whether you were Plaintiff or Defendant, the nature of the action, the date and court in which such suit was filed, and how the suit was resolved.

>**RESPONSE: Plaintiff has been a party to many lawsuits and cannot reasonably recall each and every one. The information regarding those lawsuits is publicly available online. Pursuant to Rule 33(d), Plaintiff attaches printouts from PACER, DOAH, the Palm Beach County Clerk, Bradford County Clerk, and Leon County Clerk. Discovery is ongoing and Plaintiff will supplement this response when appropriate.**

4.   State the name and residential address of every person known to you, your agents, or your attorneys who has knowledge about any of the facts or events related to this case, or is in possession, custody, or control of any model, plat, map, drawing, motion picture, videotape, recording, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each person, what fact, event, or item such person has or has knowledge of, and as to physical evidence, the name and residential address of the person who took or prepared it and the date it was taken or prepared.

>**RESPONSE: Pursuant to Rule 33(d), Plaintiff directs Defendant to his Rule 26(a)(1) disclosures. Plaintiff does not know the names of every single participant at the demonstration outside of FSP. Other than those identified in Plaintiff's Rule 26(a)(1) disclosures, Plaintiff responds:**
>
>- **Kimber Tough, Gainesville, Florida**

5.   Identify by name, title or position, and business address each healthcare professional (i.e., physician, nurse practitioner, physician's assistant, nurse, etc.) who has examined or treated you, and each medical or healthcare office or facility where you

3

have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each such professional/facility, the date(s) of treatment or examination, the injury or condition for which you were examined or treated, and a description of the treatment, guidance, or examination provided.

> **RESPONSE: Pursuant to Rule 33(d), Plaintiff directs Defendant to his produced medical records. Plaintiff further states:**
>
> - **Paul Schriever, M.D.**
>   **368 NE Franklin St, Lake City, FL 32055**
>
> - **Richard Hays, M.D.**
>   **1397 Medical Park Blvd # 220, Wellington, FL 33414**

6. Identify by name and business address all other healthcare professionals or other healthcare providers or facilities from whom or at which you have been examined or treated in the past 10 years; and state as to each, the dates of examination or treatment and the condition or injury for which you were examined or treated. If you are you claiming any emotional type of damages in this lawsuit, such as mental pain and suffering, please include responsive information for any mental health treatment in the past 10 years, including but not limited to treatment by physicians, psychiatrists, psychologists, nurses, therapists, case managers, and other mental health technicians.

> **RESPONSE: Objection. Plaintiff objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's treatment for issues unrelated to his injuries is beyond the scope of permissible discovery, particularly because Plaintiff seeks garden variety emotional distress damages, pain and suffering, and damages related to his temporary diminished physical ability to help around the house and care for his young children. Plaintiff has already identified the providers**

4

**who treated him for the injuries associated with Deputy Sumner slamming him to the ground.**

7. Please describe, in detail, how the alleged events in the Complaint have caused you to lose income or diminished your capacity to perform work and identify any documents which support your contentions.

**RESPONSE: As a result of the injuries to Plaintiff's shoulder caused by Deputy Sumner slamming him to the ground, for several months after the incident, Plaintiff was not able to lift his young children and fully attend to their needs, as well as help his wife around the house. Plaintiff was a freelancer at the time and did not actively seek out additional work because of his injuries. Plaintiff does not seek economic damages but suffered emotionally as a result of not being able to fully provide for his family as a result of the injury caused by Deputy Sumner. Plaintiff was also humiliated by being thrown to the ground and suffered humiliation and mental anguish as a result of the physical acts caused by Deputy Sumner and the injury's lasting effect diminishing Plaintiff's ability to care and provide for his family.**

8. Have you received any payments, or have any payments been made on your behalf, from any source whatsoever, as a result of the injuries arising from the incident?

> a. If the answer above is affirmative, state with particularity the source of the payment, the reason for payment (i.e., workers comp, SSI, auto insurance, etc.); the date of the payment(s), the total amount of payment(s) to date from each source, and whether the payment(s) are continuing.
>
> b. If you are receiving continuing payments of any kind, state the amounts expected to be received on a periodic basis; the frequency of such future

expected payments; and, the expected term during which such payments will likely be received.

c. Do any of these third parties claim a right of subrogation?

**RESPONSE: Pursuant to Rule 33(d), please find the attached Blue Cross insurance information pertaining to the incident.**

9. You claim to have suffered humiliation, physical inconvenience, pain and suffering, physical injury, emotional damage, mental suffering and anguish, medical expenses, and "other damages." For each:

a. Identify the nature of the injury;

b. Identify with specificity any related symptoms, conditions or consequences of the loss (e.g. insomnia, loss of appetite, etc.);

c. Identify any person or office from you whom you received any consultation, diagnosis, examination, counseling, treatment, testing, therapy, and/or prescribed medication;

d. The date(s) on which you met with (in person, by phone or otherwise) each person or office identified in your response 9(c);

e. The date(s) on which you received or participated in any treatment, therapy, or medication (prescribed or over-the-counter) which is related to the matters you identified in your response to 9(b);

f. Identify any person whom you contend has knowledge of the matters you identified in your response to 9(b); and

6

g. Identify any document of which you are aware or in possession of which supports your contention.

**RESPONSE: Plaintiff incorporates his responses to Interrogatories Nos. 6 and 7.**

10.     Please describe, in detail, how the alleged events in the Complaint have made you unable to undertake household commitments and adequately care for your young children. Please include what your household and childcare responsibilities were prior to the incident, what they are now, and any out-of-pocket expenses or inconveniences which have been incurred by reason of the incident which gives rise to the Complaint.

**RESPONSE: Plaintiff incorporates his responses to Interrogatories Nos. 6 and 7. Plaintiff adds that for about 6-7 weeks, his shoulder was extremely sore and he was unable to properly use it – he could not lift or hold his daughter, a 3-year-old at the time, which limited his ability to help her with basic needs: going to the bathroom, picking her up when she was hurt, dancing, and playing physical games with her and with my son, who was 7 at the time. Prior to being injured by Defendant, Plaintiff could carry both of his children, holding them on his shoulder or his back. For about two months after the injury, he could not do that. This left the physical burden on Plaintiff's wife and added emotional challenges between himself and wife and children. Plaintiff was often wincing in pain at basic household tasks, including cooking, laundry, cleaning. As my Plaintiff's children watched this, they would ask about the injury and relive the trauma they experienced around the injury. Seeing this caused me humiliation, shame, embarrassment, and mental anguish.**

11.     Please identify all facts upon which you rely to support your contention that Defendant was acting in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

7

>**RESPONSE: Objection.** Plaintiff objects as this interrogatory calls for a legal conclusion. Subject to and without waiving that objection, Plaintiff states that Defendant targeted Plaintiff—who had followed directives and left the property to his car—because Plaintiff challenged Defendant when he said "you guys gonna do dirty work for these [meaning FDC] fucking assholes?" Defendant responded by targeting him for arrest for "talking shit" even though Plaintiff complied with orders to leave the property. While being arrested Plaintiff continued to exercise his First Amendment right by asking Defendant if he supports FDC (which he referred to as "assholes"). Plaintiff then told Defendant he would not walk, kneeled and called him a "fucking pig." Because Defendant did not like being called a "fucking pig," Defendant lifted Plaintiff up, dragged him across the grass, and then violently threw him to the ground with his hands cuffed behind his back; Defendant applied his own weight to Plaintiff after shoving him violently to the ground, which all resulted in a laceration to his shoulder.

12. Identify each act allegedly committed by Defendant which forms the basis of your Excessive Force claim and for each, include an explanation of why the alleged act was excessive under the circumstances.

>**RESPONSE: Plaintiff incorporates his objection and response to Interrogatory No. 11 above.**

13. Identify each act allegedly committed by Defendant which forms the basis of your First Amendment Retaliation claim and for each, include an explanation of why you believe the alleged act was taken in retaliation for your protected speech.

>**RESPONSE: Plaintiff incorporates his objection and response to Interrogatory No. 11 above.**

14. Identify each act allegedly committed by Defendant which forms the basis of your Assault and Battery claim and for each, include an explanation of why you believe the act arises to an assault and/or battery.

8

**RESPONSE: Plaintiff incorporates his objection and response to Interrogatory No. 11 above.**

15. Identify each online social media network, internet message board or public forum, chatroom, or photo or video sharing site you have utilized, participated in and/or maintained within the past five (5) years, including, but not limited to, MySpace, Facebook, Meta, LinkedIn, Reddit, Tumblr, Yelp, Pinterest, Instagram, Snapchat, Windows Live Spaces, Vine, Discord , Flicker, GooglePlus, Flixster, Classmates.com, Reunion.com, Xanga, Skype, Live Journal, Plaxo, Multiply, Twitter, TikTok, YouTube, Fubar, Foursquare, and blogs. For each site identified, please provide all names/usernames/handles used by you on that site, the URL of your current profile(s) or account(s), and the timeframe in which you are or have been active in each online community. For any accounts or profiles identified, please describe any changes you have made to your privacy or other account settings and describe in detail any content which you have deleted, edited, erased or modified the privacy settings on after December 6, 2020.

**RESPONSE: Objection. Plaintiff objects to this request as overly broad, unduly burdensome, and harassing. This is a broad, sweeping invasion of Plaintiff's privacy. To the extent Defendant is willing to narrow his request to social media accounts where Plaintiff has posted about the events at issue in this lawsuit, then Plaintiff is willing to negotiate a good-faith resolution of these objections.**

16. Is your response to each request for admission propounded by Defendant an unqualified admission?

**RESPONSE:** Yes.

Dated: September 2, 2024

                           AS TO OBJECTIONS ONLY:

                           */s/ James M. Slater*
                           James M. Slater (FBN 111779)
                           Slater Legal PLLC
                           113 S. Monroe Street
                           Tallahassee, Florida 32301
                           Tel. (305) 523-9023
                           james@slater.legal

                           Joshua Tarjan (FBN 107092)
                           The Tarjan Law Firm P.A.
                           12372 SW 82 Avenue
                           Pinecrest, FL 33156
                           Tel. (305) 423-8747
                           josh@tarjanlawfirm.com

                           *Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on September 2, 2024, I electronically served the foregoing document to Michael Spellman and Matt Carson, counsel for Defendant, via electronic mail.

                          By: */s/ James M. Slater*
                               James M. Slater

## Verification of Interrogatory Answers

I believe, based on reasonable inquiry, that the foregoing answers to Defendant's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury that the foregoing is true and correct.

By: _____

Peter (Panagioti) Tsolkas