UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PETER (PANAGIOTI) TSOLKAS,**

    **Plaintiff,**

v.                                                 Case No.: 3:23-cv-01428-WWB-PDB

**DEPUTY DALTON SUMNER,**

    **Defendant.**

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY FINAL JUDGMENT**

Defendant DEPUTY DALTON SUMNER ("Deputy Sumner"), through undersigned counsel, and pursuant to Local Rule 3.01(d), files this reply to Plaintiff's response in opposition [ECF No. 27] to Defendant's motion for final summary judgment [ECF No. 23].

**Plaintiff's Argument Regarding Bradford County Sheriff's Office Policies and Procedures are Misapplied, and the Policies are Irrelevant**

Plaintiff devotes considerable space in his Reply to arguments related to Bradford County Sheriff's Office (BCSO) Policies and Procedures. ECF No. 27, pp. 5, 12, 14, 15, 16. Plaintiff essentially argues that BCSO policy regarding "Civil Disturbances/Mass Arrests" [ECF No. 26-6] suggests that Deputy Sumner should have sought assistance before attempting to move Plaintiff after his arrest. ECF No. 27, p. 5. Of course, even a cursory review of the subject policy reveals that it does not apply to the circumstances of this case. The portion of the policy cited by Plaintiff provides that "[t]wo or more deputies will carry an arrestee <u>who is seated and refuses to walk</u>." ECF No. 26-6, pp. 4-5. This portion of the policy would appear to apply to sit-ins and the like, and not situations, like here, where a crowd is on its feet and (largely) dispersing except for a few stragglers who

are refusing lawful orders to leave. To be sure, at no point during the subject incident was Plaintiff "seated." Rather, Plaintiff only decided to "go limp" after he walked some distance with Deputy Sumner.

Even if the subject policy applied to this situation, it is irrelevant to any issue before the Court. Plaintiff has brought excessive force and First Amendment retaliation claims, both pursuant to section 1983. It is axiomatic that section 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes. *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). Violation of an agency policy does not automatically constitute a violation of constitutional rights necessary to sustain a section 1983 action. *Myrick v. Fulton Cnty., Georgia*, 69 F.4th 1277, fn28 (11th Cir. 2023) ("…violation of a local policy or procedure does not automatically mean that … constitutional rights were violated.") (*citing Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision."). "Simply because something is in violation of a policy, or even illegal, does not make it unconstitutional." *Id*. Accordingly, BCSO policy regarding best practices to transport certain arrestees participating in civil disturbances has no bearing on whether Deputy Sumner's actions violated Plaintiff's constitutional rights.

The subject policy has no bearing on Plaintiff's state law battery[1] claim, either. Even if the policy applied to this situation (it doesn't), Deputy Sumner's decision to attempt to move Plaintiff without assistance – and their subsequent fall – would comprise, at worst,

---

[1] Plaintiff appears to have abandoned his state law assault claim.

2

mere negligence, which cannot support a battery claim. *See, e.g., City of Miami v. Sanders*, 672 So.2d 46 (Fla. 3d DCA 1996) (there is no cause of action for "negligent" use of excessive force for injuries resulting from lawful arrest because there is no such thing as "negligent" commission of "intentional" tort).

For these reasons, this Court should ignore all argument related to BCSO policy.

Dated this 16th day of January, 2025.

                Respectfully submitted,

                */s/ Matthew J. Carson*
                **MATTHEW J. CARSON**
                Florida Bar No. 0827711
                E-mail: mcarson@sniffenlaw.com

                **SNIFFEN & SPELLMAN, P.A.**
                123 North Monroe Street
                Tallahassee, Florida 32301
                Telephone: (850) 205-1996
                Facsimile: (850) 205-3004
                *Attorney for Deputy Sumner*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of January, 2025, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division using the CM/ECF system.

                */s/ Matthew J. Carson*
                **MATTHEW J. CARSON**