UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| PETER TSOLKAS,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY DALTON SUMNER,<br><br>    Defendant. | Case No. 3:23-cv-01428-WWB-PDB |

**PLAINTIFF'S UNOPPOSED MOTION IN LIMINE
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Peter Tsolkas, pursuant to rules 402 and 403 of the Federal Rules of Evidence, files this Unopposed Motion in Limine and Incorporated Memorandum of Law seeking entry of an order excluding evidence or argument an alleged phone call between the Federal Bureau of Investigation and Defendant Sumner allegedly regarding Mr. Tsolkas after his arrest. As explained below, the alleged call is irrelevant to the issues in this case and unduly prejudicial under the rules of evidence. Defendant does not oppose this motion.

**Background**

Mr. Tsolkas, who has a history of political work and activism, was arrested and injured on December 6, 2020 during a protest outside of Florida State Prison, which is the subject of this lawsuit. *See, generally*, Compl.

Shortly after placing Mr. Tsolkas under arrest and running his name through the Bradford County Sheriff's Office's computer system, Defendant, then a sheriff's deputy, asserts he received a phone call from an agent with the Federal Bureau of Investigation

regarding Mr. Tsolkas, but he does not recall any other information about that call. *See* Sumner Deposition at 76-77, attached as **Exhibit A**.

Upon learning of this supposed call from Defendant, Mr. Tsolkas issued a Freedom of Information and Privacy Act request to the FBI. The FBI failed to respond in time and Mr. Tsolkas sued the FBI under FOIPA in the United States District Court for the District of Columbia. *See Tsolkas v. Federal Bureau of Investigation*, No. 1:24-cv-02318 (D.D.C.). Attached as **Exhibit B** hereto is a true and correct copy of the FOIPA Complaint. In response to the lawsuit, the FBI issued a no records letter to Mr. Tsolkas and indicated in a joint status report to the court that it would provide an affidavit of no records pertaining to this matter. *See* Joint Status Report, attached as **Exhibit C**. In other words, the FBI has no record of the alleged telephone call with Defendant.

## Argument

The relevance of evidence is a threshold determination for the Court. Fed. R. Evid. 104. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Even if relevant, evidence "may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; see also *Williams v. Consol. City of Jacksonville*, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2006) (granting motion in limine precluding reference to collateral matter "which could confuse the issues, mislead the jury, and lead to a mini-trial on collateral issues causing undue delay"). In determining the relevance of evidence, the Eleventh Circuit has defined the term "unfair prejudice" as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily,

2

an emotional one." *U.S. v. Hooks*, 147 F. App'x 956, 957-58 (11th Cir. 2005) (internal quotation marks and citations omitted).

Here, it is entirely unclear how an alleged FBI call is relevant to Mr. Tsolkas's claims against Defendant for excessive force, First Amendment retaliation, and battery at a demonstration outside a state prison. Not only that, Defendant does not even recall the contents of any alleged call, diminishing any possible relevance. Indeed, it is not entirely clear a call occurred. The only reason why Defendant would want to mention a purported call by the FBI, the contents of which he cannot recall, is to cast a bad light on Mr. Tsolkas. It would be unfairly and unduly prejudicial to Mr. Tsolkas were the jury to hear about this alleged call, as the jury would be left pondering what bad things Mr. Tsolkas might have done to warrant a call from the FBI to the Defendant. Any reference or evidence of the call should thus be excluded under Rules 402 and 403. Defendant does not oppose this request to exclude such evidence or argument.

## Conclusion

Wherefore, Plaintiff Peter Tsolkas requests that the Court enter an order in limine excluding evidence or argument regarding the alleged FBI call.

## Local Rule 3.01(g) Certification

I certify that the undersigned conferred with counsel for Defendant Sumner on the issues raised herein. Defendant does not oppose the requested relief.

Dated: March 5, 2025.

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC

2296 Henderson Mill Rd NE #116
Atlanta, Georgia 30345
james@slater.legal
Tel. (305) 523-9023

*/s/ Joshua Tarjan*
Joshua Tarjan (FBN 107092)
The Tarjan Law Firm P.A.
12372 SW 82 Avenue
Pinecrest, FL 33156
(305) 423-8747
(323) 243-3186 (cell)
(786) 842-4430 (fax)
josh@tarjanlawfirm.com

*Attorneys for Plaintiff Peter Tsolkas*