# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER (PANAGIOTI) TSOLKAS, <br> *[address to be filed under seal]* <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br> 935 Pennsylvania Avenue, NW <br> Washington, D.C. 20535 <br><br> Defendant. | Case No. 1:24-cv-2318 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Peter (Panagioti) Tsolkas ("Plaintiff" or "Mr. Tsolkas"), through his undersigned counsel, brings this lawsuit against Defendant Federal Bureau of Investigation ("FBI" or "Defendant") for violation of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act") challenging Defendant's failure to issue a determination as to Plaintiff's FOIA request within the statutorily prescribed time period, and seeking the disclosure and release of agency records improperly withheld by Defendant. In support thereof, Plaintiff states:

### Preliminary Statement

1. The Act promotes government transparency and accountability by allowing members of the public to request documents and information from federal agencies. FOIA's commitment to these principles is reflected in both its substance and its procedures. It requires "*full* agency disclosure unless information is exempted under clearly delineated statutory language," *U.S. Dep't Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994) (citations omitted) (emphasis supplied), and it mandates that the government move quickly: agencies have

20 business days to grant or deny a request, to explain their reasoning to the requestor, and to notify the requestor of the right to appeal an adverse decision, *see* 5 U.S.C. § 522(a)(6)(A)(i). In the case of "unusual circumstances," the agency may postpone such determination by an additional 10 business days. *See* 5 U.S.C. § 552(a)(6)(B)(i). For the reasons stated below, Defendant has failed to comply with its obligations under the Act.

## Parties, Jurisdiction, Venue

2. Plaintiff Peter (Panagioti) Tsolkas resides in Palm Beach County, Florida and is otherwise *sui juris*. Mr. Tsolkas is an activist, who has advocated on behalf of prisoners' and immigrants' rights as well as environmental concerns, among other things. He previously worked for the Florida Immigration Coalition, the Center for Biological Diversity, *Prison Legal News*, and *Earth First!* Journal. He is currently involved with the Campaign to Fight Toxic Prisons.

3. Defendant FBI is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), and is a component of the United States Department of Justice (DOJ), which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). Defendant FBI is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535. The FBI has possession, custody, and control of the records requested by Mr. Tsolkas.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B).

5. Venue is proper in this District under 28 U.S.C. § 1391(e).

## The FOIPA Request – No. 1633720-000

6. On December 6, 2020, Mr. Tsolkas participated in a demonstration outside of Florida State Prison, a state prison owned and operated by the Florida Department of Corrections. He was arrested at the protest by Deputy Dalton Sumner of the Bradford County Sheriff's Office.

While handcuffed, Mr. Tsolkas was violently forced to the ground by Deputy Sumner, resulting in injuries. As a result, Mr. Tsolkas sued Deputy Sumner late last year in the United States District Court for the Middle District of Florida for violations of his First and Fourth Amendment rights, among other things. *Tsolkas v. Sumner*, Case No. 3:23-cv-01428 (M.D. Fla.).

7. As part of the discovery in that lawsuit, Mr. Tsolkas learned that during the arrest Deputy Sumner had received a phone call from an agent with the FBI. Specifically, in April 2024 Deputy Sumner wrote in response to an interrogatory that "[s]hortly after placing Tsolkas under arrest and running his name through the Bradford County Sheriff's Office's computer system, I received a telephone call from an agent with the Federal Bureau of Investigation regarding Tsolkas. I do not recall any other information about that call."

8. On May 6, 2024, Mr. Tsolkas, through counsel, issued a FOIA request to the FBI seeking all records in the FBI's possession, custody, or control pertaining to Mr. Tsolkas.

9. Two days later, on May 8, 2024, the FBI issued a processing letter acknowledging receipt of the FOIA request. That letter did not deny or grant his request but merely informed Mr. Tsolkas that the request was assigned a number and that he was classified as a general requester.

10. Since then, Mr. Tsolkas has received no substantive response, records, or even an expected date of completion for this request.

11. As of the date of filing, the FBI's FOIA tracker states: "The FBI's FOIPA Program is searching the FBI's indices for potentially responsive documents. You may be contacted via formal letter for all fees and/or negotiation issues that may apply."

## Cause of Action for Violation of 5 U.S.C. § 522(a)(6)(A)(i)

Plaintiff Peter (Panagioti) Tsolkas incorporates and re-alleges paragraphs 1 through 11 above as if fully set forth herein.

3

12. Mr. Tsolkas has requested records in the FBI's possession pertaining to him. He knows such records exist because a law enforcement officer has stated in interrogatory responses in federal court that the FBI called him after he arrested Mr. Tsolkas at a demonstration.

13. The FOIA request was acknowledged by the FBI on May 8, 2024.

14. Under 5 U.S.C. § 522(a)(6)(A)(i), each federal agency, upon receiving a FOIA request, "shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of its "determination and reasons therefor"; the right of the requestor "to seek assistance from the FOIA Public Liaison of the agency"; or, "in the case of an adverse determination," the right to appeal.

15. The 20-day deadline by which the FBI was required to communicate its determination for the request—even with the additional 10 working days for "unusual circumstances"—has lapsed.

16. Mr. Tsolkas has a statutory right to the records he seeks and there is no basis for the FBI to withhold them.

17. As a result, the FBI has violated FOIA.

18. Under 5 U.S.C. § 522(a)(6)(C)(i), a requestor "shall be deemed to have exhausted h[er] administrative remedies with respect to such request if the agency fails to comply with . . . [FOIA's] applicable time limit provisions." Accordingly, Mr. Tsolkas has exhausted his administrative remedies.

## Requested Relief

Plaintiff Peter (Panagioti) Tsolkas respectfully requests:

A. Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

B. Declare that the FBI's failure to respond and produce the requested records is unlawful;

C. Declare that Mr. Tsolkas is entitled to disclosure of the requested records;

D. Order the FBI to immediately process and disclose all records responsive to the FOIA requests that are not specifically exempt from disclosure under FOIA;

E. Award reasonable attorney's fees and costs of litigation under 5 U.S.C. § 552(a)(4)(E); and

F. Grant all other relief that the Court deems just and proper.

Dated: August 8, 2024

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, GA 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Peter (Panagioti) Tsolkas*