UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PETER (PANAGIOTI) TSOLKAS,**

    **Plaintiff,**

v.                                             Case No.: 3:23-cv-01428-WWB-PDB

**DEPUTY DALTON SUMNER,**

    **Defendant.**

_____/

## DEFENDANT'S MOTION IN LIMINE (UNOPPOSED)

Defendant DEPUTY DALTON SUMNER ("Deputy Sumner"), through undersigned counsel, and pursuant to this Court's Case Management and Scheduling Order [ECF No. 18], move for an Order precluding Plaintiff, his counsel, or any witness called by him from offering evidence, testimony, and/or arguments of any kind to the jury during trial concerning the issues identified and discussed below.

### Factual Summary

This case stems from Plaintiff's arrest during a protest at the Florida State Prison in Raiford, Florida on December 6, 2020. Deputy Sumner – then a Deputy with the Bradford County Sheriff's Office – arrested Plaintiff after he refused to comply with orders to disperse. As Deputy Sumner escorted Plaintiff to his patrol vehicle, Plaintiff stopped supporting his body weight with his legs and fell to the ground, and Deputy Sumner fell on top of him. Plaintiff injured his left shoulder as a result of the fall.

Plaintiff's Complaint [ECF No. 1] brings the following claims:

    COUNT I – Excessive Force (section 1983)

    COUNT II – First Amendment Retaliation (section 1983)

    COUNT III – Assault and Battery (state law)

## **Memorandum of Law and Legal Analysis**

A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial to give the trial judge notice of the movant's position so as to avoid the introduction of evidence which may irretrievably affect the fairness of trial. *Ambar Pratt, v. Government Employees Insurance Company,* No. 8:18-CV-1607-CEH-AEP, 2023 WL 8434823, at *1 (M.D. Fla. Oct. 20, 2023) (internal citations omitted). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).

The Federal Rules of Evidence provide that only relevant evidence is admissible. *Fed. R. Evid. 402*. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action *more probable or less probable than it would be without the evidence*." (emphasis added). *Fed. R. Evid. 401*. "The district court has wide discretion in determining the relevance of evidence produced at trial." *Boyd v. Alabama Dep't Of Corr.*, 296 Fed. Appx. 907, 908 (11th Cir. 2008) (internal citations omitted).

Even if evidence is relevant, it may properly be excluded on several grounds. For instance, relevant evidence is excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Fed. R. Evid. 403*. In excluding evidence for unfair prejudice, the evidence must

have an undue tendency to suggest decision on an improper basis, such as an emotional response. *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) (citing Fed. R. Evid. 403). Rule 403 functions to exclude "matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985).

Additionally, evidence of a person's character is not admissible to prove conformity therewith. *Fed. R. Evid. 404(a)*. In particular, Rule 404(b) of the Federal Rules of Evidence expressly prohibits the admissibility of "other wrongs or acts" to prove the character of a person in order to show action in conformity therewith. *Fed. R. Evid. 404(b)*; *see also, Guzman v. Scott*, Case No.: 2:15-cv-192-FtM-29CM, 2017 WL 695235 *1 (M.D. Fla. Feb. 22, 2017).

## Issues

### 1. Any Evidence or Reference to Defendant's Liability Insurance Coverage. (UNOPPOSED)

Evidence of insurance coverage is typically not admissible to the issue of liability. Federal Rule of Evidence 411 provides that, "evidence of whether a person was or was not insured against liability is not admissible in regard to whether that person acted negligently or otherwise wrongfully." In this case, whether Deputy Sumner is or is not covered by the Florida Sheriffs Risk Management Fund or any other liability coverage is not relevant to any issue in this case and should be excluded. *See, e.g., Larez v. Holcomb*, 16 F.3d 1513, 1518-1519 (9th Cir. 1994).

Plaintiff does not oppose the exclusion of this information.

**2. Investigations, Disciplinary Issues, or Arrests concerning Deputy Sumner or other Law Enforcement witnesses. (UNOPPOSED)**

Deputy Sumner seeks to exclude any questions, evidence, or testimony regarding allegations of misconduct, citizen complaints, administrative or supervisory reviews, internal affairs investigations, reports, or findings, criminal investigations, arrests, or prosecutions, separations from employment (or reasons therefore), and/or any disciplinary issues concerning himself or other law enforcement witnesses.

Any such allegation or complaint should be excluded from the trial of this case because they are totally irrelevant. No such allegation or complaint involved Plaintiff or the same issues involved in this case. No such allegation or complaint – or the result of any investigation or review – will make the existence of any fact that is of consequence to the determination of this action more probable or less probable than it would be without the evidence. Consequently, this evidence is irrelevant and should be excluded.

Further, even relevant evidence is excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Introducing evidence such as that listed above that is in no way related to the material issues at hand, would have no probative value whatsoever. Moreover, this type of evidence would be unduly prejudicial to Deputy Sumner, and would only serve to confuse the jury or prejudice their opinion against him and possibly all the law enforcement witnesses in general.

Additionally, this evidence must be excluded as improper character evidence offered solely to establish that Deputy Sumner engaged in improper behavior. Evidence of a person's character is not admissible to prove conformity therewith. Fed. R. Evid. 404(a). In particular, Rule 404(b) of the Federal Rules of Evidence, expressly prohibits

the admissibility of "other wrongs or acts." The rule clearly provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b); *see also, Guzman v. Scott*, Case No.: 2:15-cv-192-FTM-29CM, 2017 WL 695235 *1 (M.D. Fla. Feb. 22, 2017). Exclusion is, therefore, appropriate on this ground as well.

Federal civil rights cases involving law enforcement officers have similarly held that an officer's prior conduct constitutes impermissible character evidence. In *Morgan v. City of Marmaduke*, 958 F.2d 207, 209 (8th Cir. 1992), the plaintiff attempted to offer into evidence a prior incident involving a police officer while he was employed by another department to demonstrate the officer's propensity for using his patrol car as a dangerous weapon against fleeing motorists. In *Hopson v. Fredericksen*, 961 F.2d 1374, 1379 (8th Cir. 1992), the plaintiff attempted to introduce prior incidents to illustrate the "proclivity of defendants to engage in the conduct alleged within the plaintiff's complaint." In both cases, the courts excluded the evidence offered as violative of Rule 404's prohibition against evidence offered solely to show propensity.

Similarly, in *Gonzalez v. Renaudin*, No. 91-3878, 1994 WL 25528 at *2 (E.D. La. Jan. 24, 1994), the court held that evidence of an officer's unrelated police brutality lawsuit, suspension from the police force, reprimand for discourtesy, and reprimand for disobeying orders was excluded from evidence at trial because they were introduced to prove conformity with character as prohibited by Rule 404. Also, in *Melton v. City of Philadelphia*, 344 Fed. Appx. 806, 809 (3d Cir. 2009), the Third Circuit affirmed the District Court's ruling that the defendant police officer's prior IA investigations were inadmissible under Rule 404(b). And, in *Mata v. City of Farmington*, 798 F. Supp. 2d 1215, 1225

(D.N.M. 2011), the court held that a police officer's prior use of force in a factually unrelated matter was inadmissible.

Plaintiff does not oppose the exclusion of this information.

## Conclusion

Wherefore, based on the arguments and authorities cited herein, Deputy Sumner respectfully requests this Honorable Court to grant his Motion in Limine and enter an order excluding questions, testimony, evidence, argument, or references of any kind, both orally and in writing, directly or indirectly, to the information described in this motion, and grant such other relief the Court deems to be just and proper.

Dated this 5th day of March, 2025.

Respectfully submitted,

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar No. 0827711
E-mail: mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Deputy Sumner*

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that he has conferred with James Slater, Counsel for Plaintiff, and can represent that Plaintiff does not oppose the relief sought herein.

## CERTIFICATE OF SERVICE

      The undersigned certifies that on this 5th day of March, 2025, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division using the CM/ECF system.

                                                */s/ Matthew J. Carson*
                                                **MATTHEW J. CARSON**